**COMMERCIAL INSURANCE COMPANY, Plaintiff,**

v.

**AMERICAN & FOREIGN INSURANCE ASSOCIATION et al., Defendants.**

**Civ. No. 343–70.**

United States District Court,
D. Puerto Rico.

Sept. 28, 1972.

984

Charles A. Cordero, San Juan, P. R., for plaintiff.

David Rivé Rivera, San Juan, P. R., for defendants.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

There are several motions before this Court which can be grouped as follows:

a) Plaintiff's Motion for Security Bond by co-defendant AFIA;

b) Co-defendant's Seguros La Continental's Motion to Quash Summons and Plaintiffs Motion for Default against said co-defendant; and

c) Plaintiff's Motion for Sanctions.

Parties appeared for oral argument and have filed their respective briefs with affidavits and exhibits. This Court now rules on the merits of the respective motions.

### THE FACTS

The complaint before this Court prays for recovery of money damages of the alleged tort, breach of contract, and breach of implied warranty of co-defendant Cristaleria Peldar, S. A. It is undisputed that at the time of the alleged wrongful conduct, the aforesaid co-defendant Cristaleria Peldar was a glass bottle manufacturing firm which sold over one million glass containers in Puerto Rico with sales in excess of $100,-000.00 during 1969 and 1970.

Cristaleria Peldar advertised in Bogotá, Colombia, of its sale of glass containers to the large breweries in Puerto Rico, to wit Cerveceria Corona, Schlitz Beer, and Cerveceria India. In spite of their substantial sales activity in Puerto Rico, it remains an undisputed fact that Cristaleria Peldar, S. A. had not registered to do business with the Department of State of the Commonwealth of Puerto Rico. The complaint further alleges that co-defendant AFIA or co-defendant Seguros La Continental or both had a liability policy protecting the liability or the indemnity of Cristaleria Peldar, which allegations AFIA denied along with all other allegations of the complaint.

It is also undisputed that neither AFIA nor Seguros La Continental are authorized or registered to act as an insurer in Puerto Rico by the Insurance Commissioner of Puerto Rico. In spite of this fact, AFIA appointed BENACO Adjusters, Inc., as their representatives in Puerto Rico to investigate and adjust the extra-judicial claim filed against them by plaintiff. Correspondence by AFIA to plaintiff's representative indicated that AFIA insured Cristaleria Peldar, but after the complaint was filed, AFIA replied to interrogatories that the insurer of Cristaleria Peldar was the other co-defendant, Seguros La Continental. Nevertheless it is admitted that AFIA is a major stockholder of the aforesaid Seguros La Continental.

### PLAINTIFFS MOTION FOR SECURITY BOND

It is apparent from AFIA's correspondence with Plaintiff's representatives in Puerto Rico that they (AFIA) were acting as an insurer when the appointed BENACO Adjusters in Puerto Rico to investigate and adjust the extra-judicial loss or claim made against them prior to the filing of this complaint. We therefore hold that AFIA was acting as an insurer in violation of Article 3.030 (1) of the Insurance Code of Puerto Rico, 26 LPRA § 303(1), which reads:

*"No person shall act as an insurer* and no insurer shall transact insurance in Puerto Rico *except as authorized by a*

*subsisting authority granted to it by the Commissioner,* except as to such transactions as are expressly otherwise provided for in this title." (Emphasis added.)

Since AFIA admittedly was not authorized to conduct business or act as an insurer by the Insurance Commissioner of Puerto Rico, they must be deemed to have been acting as an insurer through their authorized representatives in Puerto Rico, BENACO Adjusters, Inc., and as such must be considered as an unauthorized insurer. Therefore they must bear the full impact of Article 10.060(1) of the Insurance Code of Puerto Rico, 26 LPRA § 1006, which reads:

"Before an unauthorized insurer shall file or caused to be filed any pleading in any proceeding instituted against it under Section 1005, the insurer shall either:

(a) deposit with the court in which the proceeding is pending cash or securities or file with the court a bond with good and sufficient sureties, to be approved by the court, in an amount fixed by the court as sufficient to secure the payment of any final judgment which may be rendered in such proceedings; or

(b) procure a certificate of authority to transact insurance in Puerto Rico."

Section 1005 of Title 26 LPRA, which is further discussed below, makes provisions for the execution of service of process upon an unauthorized insurer by serving the Insurance Commissioner of Puerto Rico as the attorney-in-fact of an unauthorized insurer. It is a fact that it was not necessary to serve the Insurance Commissioner of Puerto Rico as the attorney-in-fact of AFIA under 26 LPRA § 1006 since AFIA filed an ap-

pearance without need for such service. Notwithstanding this fact, it is clear that the intention of the aforementioned statutes, when read together, is to cause all persons, (other than those excepted) *who act as an insurer* in Puerto Rico without authority from the Insurance Commissioner to be deemed an unauthorized insurer (26 LPRA § 303(1)). Delivery, effectuation, solicitation or the performance of *any other insurance service* or transaction within Puerto Rico by such unauthorized insurers results in:

a) appointing the Insurance Commissioner as attorney-in-fact (26 LPRA § 1005(1));* and

b) requires the unauthorized insurer to post a sufficient cash or bond to assure payment of any final judgment, unless the unauthorized insurer procures a certificate of authority to transact insurance business in Puerto Rico. (26 LPRA 1006(1))

■■ It is clear from the wording of the above statute that the substantive purpose is to cause an unauthorized insurer to post a bond or securities to assure payment of judgment and to bring that unauthorized insurer within the jurisdiction of the courts in Puerto Rico. It may be argued that the procedural aspect of the statute requires that the Insurance Commissioner must first be served with process under 26 LPRA § 1005, and that AFIA appeared before this Court through other procedural mechanisms. It should be noted, however, that the jurisdiction of this court is invoked under the diversity statute, 28 U.S.C. § 1332, and in such a proceeding this Court acts as a Commonwealth of Puerto Rico Court and looks to state

---

* 26 LPRA § 1005(1) reads: "Delivery, effectuation, or solicitation of any insurance contract, by mail or otherwise, within Puerto Rico by an unauthorized insurer, or the performance of any other insurance service or transaction connected with such insurance by or on behalf of such insurer, shall be deemed to constitute an appointment by such insurer of the Commissioner as its attorney-in-fact upon whom may be served all lawful process issued within Puerto Rico in any action or proceeding against such insurer arising out of any such contract or transaction, or in any action or proceeding instituted to obtain the annulment of said contract."

law for guidance. Erie Railroad Co. v. Tompkins (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of N. Y. v. York (1945) 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; 160 A.L.R. 1231, noted 1945.

▆▆▆ In Puerto Rico it is well settled that a Court should not frustrate the legitimate ends of justice because of procedural rules which originate for the purpose of facilitating the administration of justice; Millan v. Caribe Motors (1961), 83 PRR 474, 83 DPR 494; Suárez Fuentes v. Superior Court, 88 DPR 136 at page 151; 88 PRR 133, and a Court should interpret procedural rules when granting provisional remedies in such a way as to render a just, rapid and economic solution to the proceeding. Freeman v. Superior Court, 92 DPR 1, 92 PRR 1. Furthermore, in Puerto Rico a Court has flexibility to dictate whatever measures it may deem necessary and convenient, depending on the circumstances of the case, to assure the payment of a judgment, and the only limitation upon that power is that those measures be reasonable and adequate to its essential purpose, which is to guarantee payment of an eventual judgment. F. D. Rich Co. v. Superior Court (1970), 99 DPR 158; 99 PRR ——.

Therefore, the mere fact that co-defendant AFIA filed an appearance through other available procedural means cannot be used as an escape mechanism to avoid the applicable substantive aspect of the Insurance Code, which is that no person shall act as an unauthorized insurer, and if such person acts as an unauthorized insurer, he shall be required to post bond before he enters a pleading.

In view of the above, plaintiff's Motion for Security Bond is hereby granted, and co-defendant AFIA is ordered to consign with the Clerk of this Court, cash, securities or a surety bond acceptable to this Court in the sum or values of not less than $20,000.00, within thirty (30) days of the entry of this Order to assure the payment of any final judgment which may be rendered. Failure of AFIA to timely comply with this Order will result in sanctions, unless AFIA, within the aforesaid thirty (30) days, consigns with the Clerk of this Court a certificate from the Insurance Commissioner permitting AFIA to act as an authorized insurer or otherwise transact insurance business in Puerto Rico.

## CO-DEFENDANTS MOTION TO QUASH SUBPOENA AND PLAINTIFFS MOTION FOR DEFAULT

The other co-defendant "Seguros La Continental" filed a special appearance to quash the summons which was executed upon the Insurance Commissioner as attorney-in-fact following the provisions of 26 LPRA § 1005(1). Plaintiff countered with a Motion for Default.

The major shareholder of "Seguros La Continental" (AFIA) would have previously had this Court dismiss the complaint against AFIA on the basis that AFIA was not the insurer of Cristaleria Peldar even though they had made written representations that they were the insurers and had appointed representatives to investigate and adjust the loss in Puerto Rico. (See Order of this Court dated September 29, 1971 denying AFIA's motion for Summary Judgment)

On the other hand, "Seguros La Continental" would now have this Court quash the summons because it claims it was not doing business in Puerto Rico and, therefore, believes that the impact of the provisions of 26 LPRA § 1005 are not applicable to it. We disagree.

▆▆▆ Certainly the large quantities of glass bottles manufactured by Cristaleria Peldar, S. A., and which are in use in Puerto Rico created a substantial liability exposure in Puerto Rico for Cristaleria Peldar. This Court must therefore consider such an exposure a subject of insurance located in Puerto Rico and any policy covering such an exposure must comply with the applicable provisions of the Insurance Code, 26 LPRA § 329(1), which reads:

*"No insurer shall effectuate any direct insurance upon or relative to*

*any* person, property, or other *subject of insurance resident, located, or to be performed in Puerto Rico,* except through a licensed agent of such insurer residing in Puerto Rico. . . ." (Emphasis added.)

 Notwithstanding the non-compliance by "La Continental" of the above Insurance Code provisions, it (La Continental) had issued an insurance policy protecting the liability exposure of Cristaleria Peldar, as stated by AFIA, (the major shareholder of La Continental) in reply to interrogatories. Since AFIA acted as an insurer in Puerto Rico and investigated the loss through its representatives BENACO Adjusters, Inc., it must logically follow that such service was for and on behalf of "La Continental", the other unauthorized insurer, co-defendant herein.

The investigation of a loss or claim in Puerto Rico for an unauthorized insurer is the performance of a service in Puerto Rico by or on behalf of such insurer. Therefore, under the provisions of 26 LPRA § 1005(1) such activity must be deemed to constitute the appointment of the Insurance Commissioner as the attorney-in-fact of such unauthorized insurer for any action involving the insurance contract. We therefore hold that plaintiff has executed service of process against co-defendant Seguros La Continental by properly serving the Insurance Commissioner as attorney-in-fact of said co-defendant.

 In view of our holding, co-defendants motion to quash service is hereby denied. Plaintiff's motion for default shall be held in abeyance for thirty (30) days after the entry of this Order, and if within that time co-defendant Seguros La Continental fails to answer the complaint, then the motion for default shall be granted.

### PLAINTIFF'S MOTION FOR SANCTIONS

This action was filed in May 1970. A review of this Court's file indicates extensive activity by counsel for the respective parties and the issuance by this Court of numerous orders. But sanctions should or should not be imposed, depending on circumstances not fully known by the Court at this time. Therefore, before it issues its further orders with regard to plaintiffs motion for sanctions it will hear further oral argument on October 13, 1972, at 9:30 a. m.

Counsel for the parties are therefore instructed to appear on the aforesaid date and time prepared to argue their respective positions on this issue.

It is so ordered.