**COMMERCIAL INSURANCE COM-PANY, Plaintiff,**

v.

**AMERICAN & FOREIGN INSURANCE ASSOCIATION et al., Defendants.**

**Civ. No. 343-70.**

United States District Court, D. Puerto Rico.

Dec. 21, 1972.

Charles A. Cordero, San Juan, P. R., for plaintiff.

David Rive, Hato Rey, P. R., for defendants.

ORDER

CANCIO, Chief Judge.

On October 11, 1972 defendants American & Foreign Insurance Association, hereinafter called "AFIA", and Compañía de Seguros "La Continental" filed

a motion requesting reconsideration of our order of September 28, 1972, D.C., 349 F.Supp. 982.

A hearing on this motion for reconsideration was set for November 3, 1972 when it was argued by the attorneys for plaintiff and defendants.

After that day both parties filed extensive and detailed briefs in support of this position. New documentary evidence was introduced by the parties and a new analysis was made of the relevant provisions of the Law.

The issues, as it may be recalled, were two: First, whether AFIA was required to post the security bond required of unauthorized insurers, 26 L.P.R.A. §§ 1005 and 1006, due to the fact that she appointed Benaco Adjusters to represent her in Puerto Rico for adjustment purposes, and secondly, whether the defendant Compañía de Seguros "La Continental" was required to file an appearance before this court after being served through the Insurance Commissioner of Puerto Rico as an unauthorized insurer. 26 L.P.R.A. § 1005(2).

The ultimate issue to be decided is whether AFIA and "La Continental" acted as unauthorized insurers in Puerto Rico and became, the former subject to the requirements of the surety bond provided in Sections 1005 and 1006 of Title 26 L.P.R.A., and the latter, subject to the special service of process made through the Insurance Commissioner pursuant to § 1005(2), 26 L.P.R.A.

The only insurance policy presented to us in this case was that issued by defendant Compañía de Seguros "La Continental" on December 31, 1966 and solicited, delivered and effectuated within the Republic of Colombia in favor of co-defendant Cristalería Peldar, S.A.[1] No insurance policy written by AFIA has been presented, nor has it ever shown by plaintiff that AFIA at any time wrote an insurance policy. Thus, the only policy which can make the defendants unauthorized insurers in this case, is the "La Continental" policy.

This insurance policy was written and issued long before "La Continental's" insured, Cristalería Peldar, started doing business in Puerto Rico, and before it sold its first bottle here. (See plaintiff's motion of April 18, 1972 and Affidavit of James A. Stuart, Jr. of April 19, 1972 filed by plaintiff).

In a section which was not cited by the parties in their briefs, the Insurance Code covers this type of situation when specifying the instances where authority is needed by the Insurance Commissioner of P. R. to act as an insured and transact insurance in Puerto Rico.

Article 3.030 (26 L.P.R.A. § 303(4)) provides that: "As to an insurance coverage on a subject of insurance not resident, located, or expressly to be performed in Puerto Rico *at the time · of insurance* [2] and *solicited, written, and delivered outside Puerto Rico*, no such authority shall be required of an insurer as to subsequent transactions in Puerto Rico or account thereof". (Italics added).

As we have seen, the insurance policy involved in this suit was solicited, written and delivered outside of Puerto Rico, and at the time of its issuance, i. e., December 31, 1966, it *covered no subject of insurance resident located or expressly to be performed in Puerto Rico*.

The subsequent transactions made *in* Puerto Rico on account of that specific insurance contract, such as the appointment of local adjusters to adjust and investigate the claim filed by plaintiff; settlement conversations, etc. by the insurer, or anyone else on its behalf are expressly allowed by the cited statute

---

1. This policy was presented for the first time by "La Continental" with their Brief in Support of her Motion for Reconsideration.

2. The original Spanish text is clearer: ". . . ni para ser expresamente otorgado en Puerto Rico *para la fecha de emisión* . . .", thus the proper meaning in English is "at the time of issuance" and not "at the time of insurance".

and are permissible acts under the Code, without previous authorization from the Insurance Commissioner.

It appears, thus, that neither AFIA nor Compañía de Seguros "La Continental" have acted as unauthorized insurers in Puerto Rico and are, therefore, not subject to the Security Bond requirements as to AFIA, nor amenable to the special service of process provided in Sections 1005 and 328, 26 L.P.R.A. and used by plaintiff in this case as to "La Continental".

The decision that we render today does not preclude, nor does it prejudge the right that plaintiff could have to service of process upon Compañía de Seguros "La Continental" through Sections 2406 and 2407 of 14 L.P.R.A., and Rule 4.7 of the Puerto Rico Rules of Civil Procedure, if it desires to avail itself of this type of service, subject always to the minimum contacts doctrine.

For the aforesaid reasons, our Memorandum and Order of September 27, 1972 is hereby vacated and set aside, Commercial Insurance Company's motion for Security Bond is Denied, and Compañía de Seguros "La Continental's" Motion to Quash Summons is Granted.